UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON DEMOND SMALLS,

                              Plaintiff,

                 -against-

KIRBY PSYCHIATRIC CENTER; SOUTH
BEACH PSYCHIATRIC CENTER;
MANHATTAN SUPREME COURT
PSYCHIATRIC CENTER,

                              Defendants.

25-CV-775 (KMW)

ORDER TO AMEND

KIMBA M. WOOD, United States District Judge:

Plaintiff, proceeding *pro se*, is currently detained at Kirby Psychiatric Center ("Kirby").

Plaintiff brings this action under 42 U.S.C. § 1983 asserting claims against Kirby, South Beach

Psychiatric Center ("South Beach"), and "Manhattan Supreme Court Psychiatric Center,"[1]

regarding his involuntary hospitalization at Kirby.[2]  Plaintiff also asserts claims regarding his

involuntary medication at Kirby and South Beach.

By Order dated January 31, 2025, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees.[3]  (ECF No. 8.)  For the reasons set

forth below, the Court grants Plaintiff 60 days, from the date of this order, to file an amended

complaint.

---

[1] The Court understands this to be the Manhattan Forensic Psychiatric Evaluation Court Clinic ("Manhattan Forensic").

[2] Plaintiff filed this action in the Eastern District of New York, and that court transferred the matter to this district because the underlying events occurred at Manhattan Forensic and Kirby, both located in New York, New York.

[3] Plaintiff filed this action when he was detained on Rikers Island.  He therefore is not exempt from paying the full filing fee, even though he has been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court also must dismiss a complaint if the court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[4] From February 2022 through December 2022, Plaintiff "was placed under a 730 evaluation under lies and corruption." (ECF No. 1 at 3.) "[Defendant] Manhattan Supreme Psychiatric Center deemed me unfit for a grand larceny case which was dismissed." (*Id.* at 4.) "[Defendant] Kirby Psychiatric Center forged

---

[4] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

documents, stated I couldn't answer basic political & legal question and states I was there 2008."
(*Id.*)  Plaintiff "was placed in treatment over objection[.]"  (*Id.*)  "Dr. Magona," who is not
named as a defendant, "force[d] me to take anti-psychotic medications and held me down."  (*Id.*)
Plaintiff "was then forced to South Beach psych.," which is located on Staten Island, and "forced
due to lies."  (*Id.*)

Plaintiff pleads facts in the injury section of the complaint indicating that he suffers
"trauma, defamation of character, corruption."  (*Id.*)  He seeks to have his "record cleared and
$100 million dollars in damage[s]."  (*Id.* at 5.)

Plaintiff previously brought a lawsuit in this Court against two forensic psychiatrists who
appear to be associated with Defendant Manhattan Forensic.  *See Smalls v. Cooper*, No. 22-CV-
4115 (S.D.N.Y. June 21, 2022) (Swain, C.J.) ("*Smalls I*").  Plaintiff asserted claims against Amy
Cooper, M.D., and Daniel S. Mundy, M.D., in connection with examinations and reports that
they provided to the New York Supreme Court, which had ordered that Plaintiff be examined
under N.Y. Crim. Proc. Law § 730.30.  Plaintiff alleged that Dr. Cooper conducted a video
conference with Plaintiff on March 22, 2022, when Plaintiff did not have access to his hearing
aids; Plaintiff claimed that because he could not hear Dr. Cooper, her evaluation was "illegal."
*Smalls I*, ECF No. 1 at 5.  Plaintiff attached to his complaint reports from Dr. Cooper and Dr.
Mundy, in which both doctors determined that Plaintiff was unfit to proceed to trial on the
criminal charges against him.  *Id.* at 19.  The Court dismissed the claims brought against Dr.
Cooper and Dr. Mundy under the doctrine of absolute, quasi-judicial immunity.

## DISCUSSION

This action concerns Plaintiff's evaluation by psychiatrists associated with "Manhattan
Supreme Psychiatric Center," and his subsequent involuntary hospitalization and medication at

Kirby and South Beach.  However, Plaintiff cannot proceed against Defendants for the following reasons.

First, Plaintiff cannot bring claims against Kirby and South Beach because, under the Eleventh Amendment, they are immune from liability for money damages.

Second, Plaintiff does not state a claim against Manhattan Forensic, which is operated by New York City Health + Hospitals ("H+H").  The Court dismisses these claims for failure to state a claim, with leave to replead.

Third, to the extent Plaintiff seeks to bring claims against the individuals who determined that he should be involuntarily hospitalized at Kirby, he does not state facts suggesting that such individuals violated his rights.  The Court therefore grants Plaintiff leave to amend such a claim.

Fourth, to the extent Plaintiff brings claims against medical staff at Kirby and South Beach, who he alleges involuntarily medicated him, Plaintiff does not state any facts suggesting that such medical staff violated his rights.  The Court grants Plaintiff leave to file an amended complaint against medical staff at Kirby that addresses the deficiencies identified in this Order. The Court declines to grant Plaintiff leave to amend claims against medical staff at South Beach, without prejudice to his filing a new civil action in the Eastern District of New York.

A.    **Claims Against Kirby and South Beach**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks, alterations, and citation omitted.)  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Id.*  (alteration and citation omitted.)  New York State has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate

the states' immunity by enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977).

Psychiatric centers operated by New York State's Office of Mental Health ("OMH") are state agencies that are immune from suit under the Eleventh Amendment.  *See, e.g.*, *Al-Haj v. OMH State of N.Y.*, No. 18-CV-5505, 2019 WL 6831391, at *2 (S.D.N.Y. Aug. 5, 2019) (Netburn, M.J.) ("Kirby is an agency of the State of New York, and its employees are 'state officials' for purposes of the Eleventh Amendment.") (citation omitted), *report and recommendation adopted sub nom.*, *Al-Haj v. Weisner*, No. 18-CV-5505, 2019 WL 4051478 (S.D.N.Y. Aug. 28, 2019) (Caproni, J.).

Kirby and South Beach are both state agencies operated by OMH.  Therefore, Plaintiff's Section 1983 claims against them, seeking money damages, are barred by the Eleventh Amendment.  Because these two psychiatric centers are immune from liability in this action, the Court dismisses the claims against Kirby and South Beach.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## B.    Claims Against Manhattan Forensic

Plaintiff asserts claims against Manhattan Forensic, operated by H+H.  The Court therefore construes the complaint as asserting these claims against H+H and directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to substitute H+H for Manhattan Forensic.  The Court also directs the Clerk of Court to terminate "Manhattan Supreme Court Psychiatric Center" as a defendant in this action.

H+H is a public benefit corporation that is created by state law and may be sued.  *See* N.Y. Unconsol. Laws §§ 7384(1), 7385(1).  When a plaintiff sues H+H under Section 1983, it is not enough for the plaintiff to allege that H+H's employees or agents engaged in some wrongdoing.  The plaintiff must show that H+H itself caused the violation of the plaintiff's rights.  *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local

government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim against H+H under Section 1983, the plaintiff must allege facts showing (1) the existence of an H+H policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80-81 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted); *Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (applying standard for Section 1983 municipal liability to H+H).

Plaintiff does not allege any facts suggesting that a policy, custom, or practice of H+H caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims against H+H for failure to state claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to replead this claim.

## C.    Claims Regarding Plaintiff's Hospitalization and Treatment at Kirby

Because Plaintiff names Kirby as a defendant, the Court construes the complaint as asserting claims against the individuals who determined, following Doctors Cooper's and Mundy's reports, that Plaintiff should be hospitalized. These claims arise under the procedural and substantive clauses of the Fourteenth Amendment. The Court also construes the complaint as asserting claims against the individuals at Kirby who determined that Plaintiff should be involuntarily medicated. The Court grants Plaintiff leave to file an amended complaint to assert these claims.

### 1.    Fourteenth Amendment

The involuntary commitment and forcible psychiatric evaluation of an individual are both

"'massive curtailment[s] of liberty' and [they] therefore cannot permissibly be accomplished

without due process of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995)

(quoting *Vitek v. Jones*, 445 U.S. 480, 491 (1980) ("Commitment to a mental hospital produces a

massive curtailment of liberty." (internal citations omitted))).

To state a procedural due process claim regarding the involuntary commitment to a

hospital, a plaintiff must allege facts suggesting "that they have a protected liberty interest in not

being involuntarily committed to a psychiatric institution and that they were deprived of that

interest without due process of law." *Bailey v. Pataki*, 708 F.3d 391, 399 (2d Cir. 2013).

To state a substantive due process claim, a plaintiff must allege facts suggesting that the

state "involuntarily commit[ed] [a] non-dangerous mentally ill individual[]." *Bolmer v. Oliveira*,

594 F.3d 134, 142 (2d Cir. 2010) (citing *O'Connor v. Donaldson*, 422 U.S. 563, 575-76 (1975)).

Where a plaintiff brings a substantive due process claim, he must allege facts suggesting that the

named defendants' "medical decisions represent such a substantial departure from accepted

professional judgment, practice, or standards that it demonstrates that they did not base their

decision on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982).

### 2.    Mental Hygiene Law

New York Mental Hygiene Law provides procedures for the involuntary hospitalization

of a person alleged to need such hospitalization:

> New York's Mental Hygiene Law permits the involuntary commitment of a
> mentally ill person "upon the certificate of two examining physicians,
> accompanied by an application for the admission of such person." N.Y. M.H.L.
> § 9.27.  The application for admission can be submitted by "the director of the
> hospital . . . in which the patient is hospitalized," or "a qualified psychiatrist who
> is . . . treating such person for a mental illness in a facility licensed or operated by
> the [New York] office of mental health." *Id.* § 9.27(b)(6), (11).  The director of

the hospital cannot admit the patient until the patient is examined by a third
member of the psychiatric staff other than the original examining physicians who
confirms that the patient should be admitted. *Id.* § 9.27(e).

*Best v. Schneider*, No. 12-CV-6142, 2014 WL 10417046, at *4 (E.D.N.Y. Sept. 10, 2014), *report*

*and recommendation adopted in part, rejected in part*, 2015 WL 5567062 (E.D.N.Y. Sept. 21,

2015). Before involuntarily hospitalizing an individual, however, "the Constitution requires a

finding that the mentally ill patient is a danger to himself or others." *Id.* (citing *O'Connor v.*

*Donaldson*, 422 U.S. 563, 572 (1975); *Project Release v. Prevost*, 722 F.2d 960, 973-74 (2d Cir.

1983) (finding that New York's statutory scheme governing involuntary confinement met the

requirements of due process)).

The Second Circuit has held that the procedures set forth in the Mental Hygiene Law are

facially constitutional.[5] *See Project Release*, 722 F.2d 960, 971 (2d Cir. 1983). Therefore, when

considering a due process challenge to an involuntary hospitalization in this Circuit, district

courts must independently assess whether the state's application of these procedures in the

plaintiff's particular case violated a constitutional right. *See Charles W. v. Maul*, 214 F.3d 350,

357 (2d Cir. 2000) (holding that the defendants did not violate the plaintiff's due process rights

when they confined him for up to 72 hours to evaluate him and determine whether to initiate

civil commitment proceedings); *see, e.g.*, *Best*, 2015 WL 5567062, at *9 (in adopting report and

recommendation, noting that the magistrate judge correctly found "that [the] [p]laintiff stated a

---

[5] Section 9.31 of the Mental Hygiene Law requires that,

[f]ollowing a commitment, the patient may request a post-deprivation hearing to
determine the need for involuntary care and treatment. . . . The hearing must take
place no later than five days after the court receives notice. . . . At the hearing, the
court can examine and hear testimony from the alleged mentally ill person if it is
appropriate.

*Best*, 2014 WL 10417046, *5.

claim for violation of his procedural due process rights on the basis of [the] [d]efendants' failure to comply with the procedures proscribed by Article 9").

### 3.    Plaintiff's Claims

Here, Plaintiff's allegations—that "Kirby Psychiatric Center forged documents, stated I couldn't answer basic political & legal question," "placed [Plaintiff] in treatment over objection," and "force[d] [Plaintiff] to take anti-psychotic medications and held me down" (ECF No. 1 at 4)—do not state a constitutional claim.  Plaintiff does not plead facts suggesting that any individual failed to follow the procedures set forth in New York's Mental Hygiene Law when determining that he should be committed to Kirby and treated there.  Although he disagrees with the assessment that he should be hospitalized, he does not state that individuals violated the procedures in the Mental Hygiene Law.  Moreover, Plaintiff does not allege that, once hospitalized at Kirby, individuals violated his substantive due process rights by medicating him against his will.  The Court therefore grants Plaintiff leave to name the individual defendants whom he asserts violated his rights by not complying with New York's Mental Hygiene Law.

### D.    Claims Regarding Plaintiff's Hospitalization and Treatment at South Beach

Plaintiff's allegations regarding his hospitalization and treatment at South Beach also do not state enough facts to suggest that any individual violated his rights.  Although he states that he "was then forced to South Beach psych. & forced due to lies" (ECF No. 1 at 4), he does not name individual defendants or state any conduct on the part of such individuals that suggest a violation of the Mental Hygiene Law.  The Court declines to grant Plaintiff leave to amend this claim, however, because the proper venue for this claim is likely the United States District Court for the Eastern District of New York.

Under the general venue provision, 28 U.S.C. § 1391(b), a civil action may be brought in

9

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Venue for this claim appears to be proper in the Eastern District; South Beach is located on Staten Island, Richmond County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112. Under Section 1391(b)(1), venue is therefore proper in the Eastern District of New York. Venue is also proper in the Eastern District of New York under Section 1391(b)(2) because the events giving rise to this claim occurred in Richmond County. Thus, the Court dismisses the claims asserted against South Beach without prejudice to Plaintiff's bringing a new civil action in the Eastern District of New York. Should Plaintiff reassert this claim here, the Court may, in the interests of justice, sever and transfer the claim to the Eastern District of New York. *See* 28 U.S.C. § 1404(a).

**E.    Leave to Amend Is Granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, within the Second Circuit, "[a] *pro se* party should be granted leave to amend if 'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 320 (2d Cir. 2020) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Because Plaintiff may be able to allege additional facts to state valid claims regarding his involuntary hospitalization and treatment at Kirby, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

First, Plaintiff must name as the defendant(s) in the caption,[6] and in the "Statement of Claim", those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7]  The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.[8]

Second, in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant.  Plaintiff must provide, if known, an address for any named defendant.  Plaintiff should include all information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief.  That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

---

[6] The caption is located on the front page of the complaint.  Each individual defendant must be named in the caption.  Plaintiff may attach additional pages if there is not enough space to list all defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint.  Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[7] For example, a defendant may be identified as: "Kirby Psychiatrist John Doe #1 on duty August 31, 2022, during the 7-3 p.m. shift."

[8] Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, **any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.**

## PRO SE LAW CLINC

Plaintiff is advised that there is a pro se law clinic available to assist self-represented parties in civil cases. The clinic may be able to provide Plaintiff with advice in connection with his case, including assisting him in amending his complaint. The pro se law clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit). An informational flyer and a limited scope legal assistance retainer agreement are attached to this order.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-775 (KMW). An Amended

Civil Rights Complaint form is attached to this order.  No summons will issue at this time.  If Plaintiff does not file an amended complaint within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses from this action Kirby Psychiatric Center and South Beach Psychiatric Center because these defendants are immune from liability under the Eleventh Amendment.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).  The Court directs the Clerk of Court to terminate these two defendants from this action.  This dismissal is without prejudice to any claims Plaintiff may wish to pursue against individuals employed at South Beach, in the Eastern District of New York, regarding his alleged involuntary treatment at South Beach.

The Court construes the complaint as asserting claims against Manhattan Supreme Psychiatric Center as asserted against New York City Health + Hospitals and directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to substitute New York City Health + Hospitals for this defendant.  The Court further directs the Clerk of Court to terminate Manhattan Supreme Psychiatric Center from this action.

An informational flyer and a limited scope legal assistance retainer agreement are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 19, 2025
             New York, New York

                       /s/ Kimba M. Wood
                          KIMBA M. WOOD
                    United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
    ☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                          Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                  Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

Defendant 2:

First Name                  Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

Defendant 3:

First Name                  Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

Defendant 4:

First Name                  Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                  Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____               _____
Dated                                           Plaintiff's Signature

_____
First Name                    Middle Initial          Last Name

_____
Prison Address

_____
County, City                              State                 Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## HOW TO ACCESS OUR SERVICES

For assistance, please reach out to us via mail at:

**Thurgood Marshall Federal Courthouse**
**CBJC Pro Se Legal Assistance Project**
**40 Foley Sq LL22**
**New York, NY 10007.**



Upon receipt of your letter, we will follow up with application materials.

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self- represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project **assists incarcerated litigants** on a variety of federal legal issues, including 1983 matters, civil rights cases, and others.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist individuals by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

## LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

This agreement explains the terms of the limited legal assistance that the City Bar Justice Center ("CBJC") has agreed to perform for you through its Federal Pro Se Legal Assistance Projects ("Projects"). Writing your name at the end demonstrates your agreement to the terms herein.

### I.    LIMITS OF ASSISTANCE

The Projects agree to provide only limited scope legal assistance in connection with your matter. This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. CBJC is not your attorney of record in this matter. In the event that you are or become a party to a case in the Eastern District of New York or the Southern District of New York or any other forum, CBJC will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. CBJC has no obligation to enter into any such agreement.

- CBJC has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers this consultation only. CBJC can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- CBJC has not agreed to represent or assist you on any other matter in the future. If CBJC does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. CBJC will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that CBJC has sole discretion to decide whether it will provide any additional future consultations.

- You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment at the Projects in the Eastern District or the Southern District.

## II.    FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

CBJC does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. CBJC's assistance does not guarantee success or any particular outcome but that CBJC will provide competent assistance.

## III.    TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving CBJC's limited scope assistance at any time. CBJC may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If CBJC chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

## IV.    COSTS OF LITIGATION

Filing a lawsuit or defending against a case when you are sued can involve costs. You are responsible for all costs, including filing fees. The CBJC will not pay for any costs associated with your case. The Court may allow you to proceed without paying filing fees (this is called "proceeding in *forma pauperis*"). Whether you are allowed to proceed in *forma pauperis* is entirely up to the Court.

## V.    CONFIDENTIALITY

CBJC will take all reasonable steps to maintain any information you provide as confidential.

## VI.    REVIEW AND CONSENT

If you have questions or concerns, please leave a voicemail for the Project at (212) 382-4794, and someone will call you back to discuss this agreement.

By signing and writing today's date below, you indicate that you: have had an opportunity to discuss this agreement with CBJC or another Attorney of your choice; have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

_____                _____
Signature                                                                                              Date

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

Name: _____    Date of Birth: _____

Facility: _____    Identification #_____

**How did you hear about our clinic? (circle one)**

Pro Se Intake Office          Website                Conference/Hearing with the Judge

Pro Se Information Package    Friend/Family          Order/Letter from the Judge

Other: _____

**Do you already have an open case with the federal court? (circle one)     Yes     No**

**If yes, what is your case number? _____**

**If yes, which courthouse is it in? (circle one)          Manhattan          White Plains**

**Ethnicity? (circle one)**

Asian/Pacific Islander       Hispanic              Caucasian

Black                        Middle Eastern        Decline to answer

African                      Caribbean             Other:_____

Native American              South Asian

**Gender? _____**

**Education level? (circle one)**

8th grade or less            GED                   2-4 years of college/vocational school

Some high school             College graduate      Decline to answer

High school graduate         Graduate degree

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

**Immigration status? (circle one)**

U.S. citizen (born in U.S.)        Naturalized U.S. citizen          Legal Permanent Resident

(Born in:_____)

No lawful status              Decline to answer              Other:_____

**Marital status? (circle one)**

Single                              Married

Divorced                            Separated

Widowed                             Decline to answer

**Do you have a disability? (circle all that apply)**

No                      Mental health              Vision

Hearing                 Mobility                   Memory

Homebound               Decline to answer          Other:_____

**What is your primary language?** _____

**LGBTQ+? (circle one)**          Yes          No          Decline to answer

**Veteran?** _____

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**